THEODORE E. BACON (CA Bar No. 115395)
tbacon@AlvaradoSmith.com
JOANNE C. CHAN (CA Bar No. 201164)
jchan@AlvaradoSmith.com
AlvaradoSmith
A Professional Corporation
235 Pine Street, Suite 1150
San Francisco, CA 94104
Tel:  (415) 624-8665
Fax: (415) 391-1751

STEVEN L. RODRIGUEZ (CA Bar No. 199313)
steve@rodriguezlawapc.com
RODRIGUEZ LAW, APC
26565 W. Agoura Road, Suite 200
Calabasas, CA 91302
Tel: (818) 925-0054
Fax: (818) 449-0983

Attorneys for Defendant
CAVALIA (USA) INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY EATON and ANNA DEVITO, individually, and on behalf of others similarly situated and aggrieved,<br><br>Plaintiffs,<br><br>v.<br><br>CAVALIA (USA) INC., a Vermont Corporation; CAVALIA COMMUNICATIONS, INC., a California Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO.:**<br><br>**NOTICE OF REMOVAL**<br><br>*[Filed Concurrently with Civil Cover Sheet, Notice of Interested Parties, Notice of Related Cases, and Certificate of Service]*<br><br>**ACTION FILED:** September 20, 2019 |

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendant Cavalia (USA), Inc. ("Cavalia" or "Defendant"), respectfully files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 *et seq.* to remove the above-captioned matter from the Superior Court of the State of California for the County of San Francisco, in which the case is now pending, to the United States District Court for the Northern District of California. This is an action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. More specifically, Plaintiff KIMBERLY EATON's wage and hour class action Complaint seeks to recover in excess of $75,000. In support thereof, Defendant states as follows:

1.      On or about September 20, 2019, Plaintiff Kimberly Eaton ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of San Francisco, Case Number CGC-19- 579421 ("State Action") attached hereto as **Exhibit "A"**. (See also Declaration of Joanne C. Chan ("Chan Dec."), ¶¶ 2-3, **Exhibit 1** filed concurrently herewith). In her Complaint, Plaintiff alleges that she is a citizen of the State of California, she is a former employee of "DEFENDANTS" and that she was employed by "DEFENDANTS … around 2016 to early 2017 in Southern California."

2.      Plaintiff's initial Complaint consisted of eight causes of action including: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Wages; (3) Failure to Provide Required Meal Periods; (4) Failure to Provide Required Rest Periods; (5) Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties; (6) Failure to Furnish Accurate Itemized Wage Statements; (7) Failure to Timely Pay All Wages Due to Discharged and Quitting Employees; and (8) Representative Action for Unfair and Unlawful Business Practices.

3.      On January 6, 2020, Plaintiff filed a Request to Dismiss as to Defendant Normand LaTourelle. The Court granted the request on or about January 21, 2020.

///

4.      Moving Party Defendant Cavalia (USA), Inc. ("Defendant") filed its Answer, which included a general denial and asserting affirmative defenses, on January 14, 2020 (*See* Chan Dec., ¶ 5, **Exhibit 2**).

5.      Plaintiff brought an Ex Parte Application for leave to file the First Amended Complaint, striking Defendant LaTourelle from the pleading and adding in a ninth cause of action, "Representative Action for PAGA Civil Penalties".  On February 27, 2020, the First Amended Complaint was filed with this Court.  (*See* Chan Dec., ¶ 7, **Exhibit 5**)

6.      On June 29, 2020, after obtaining leave of court to file and pursuant to a resulting court order, Plaintiff filed a Second Amended Complaint, adding in Ms. Anna Devito as a putative class representative.  Plaintiffs Kimberly Eaton and Anna Devito are collectively referred to as "Plaintiffs".  (*See* Chan Dec., ¶ 8, **Exhibit 6**.)

7.      Plaintiffs' Second Amended Complaint was served via electronic service on Defendant on June 29, 2020.  Therefore, this Notice of Removal is timely pursuant to 28 USC § 1446 because it is filed within thirty (30) days of Defendant's initial receipt of the Second Amended Complaint, a copy of which is attached hereto as required by 28 U.S.C. § 1446(a).

8.      As set forth more fully below, the Action is one which Defendant may remove to this Court under 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements and this Court has diversity jurisdiction over the Action under 28 U.S.C. § 1332(a). There is complete diversity among all parties. (See Section II. below.)

# I.   DEFENDANT HAS SATISFIED PROCEDURAL REQUIREMENTS FOR REMOVAL

9.      Plaintiffs completed service of the Summons and Second Amended Complaint on June 29, 2020.  Because Defendant has filed its Notice of Removal within 30 days of that date, the Notice of Removal is timely. See 28 U.S.C. § 1446(b).

AlvaradoSmith
A Professional Corporation
San Francisco

10.    Venue lies in the United States District Court for the Northern District of California because Plaintiff filed the Action in this judicial district and it remains pending in this judicial district. See 28 U.S.C. § 1441(a).

11.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Defendant are attached to the Declaration of Joanne C. Chan, concurrently filed herewith, as follows:

a.    **Exhibit 1** – Plaintiff's Summons and Complaint (also attached to the within Notice of Removal as **Exhibit A**)

b.    **Exhibit 2** – Defendant's Answer to the Complaint

c.    **Exhibit 3** – Plaintiff's Complaint with Labor Commissioner

d.    **Exhibit 4** – Judgment from Plaintiff's Complaint with Labor Commissioner

e.    **Exhibit 5** – Plaintiff's First Amended Complaint

f.    **Exhibit 6** – Plaintiffs' Second Amended Complaint

g.    **Exhibit 7** – Statement of Information for Cavalia Communications

12.    Pursuant to 28 U.S.C. § 1332(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court for the State of California, County of San Francisco.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION

13.    The Action is a civil action over which this Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a). The Action is removable because the amount in controversy exceeds the jurisdictional minimum and there is complete diversity between the parties. Therefore, removal is proper under 28 U.S.C. § 1441 in that:

///

AlvaradoSmith
A Professional Corporation
San Francisco

**A.    The Amount In Controversy Requirement Is Satisfied.**

**1.    The Amount in Controversy Exceeds $75,000 in the Second Amended Complaint**

14.    The amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000) exclusive of interest and costs.  Defendant need only show by a preponderance of evidence that Plaintiff's claims place more than $75,000 at issue.  See *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 403-04 (9th Cir. 1996) (noting "preponderance of the evidence" in removal papers is appropriate standard of proof for satisfaction of amount in controversy). To satisfy this standard, Defendant may support federal jurisdiction by: 1) establishing that it is facially apparent that Plaintiff's claims more likely than not exceed the amount in controversy threshold; 2) setting forth in the Notice of Removal the facts in controversy that support a finding of the requisite amount; or 3) submitting an affidavit showing that the amount-in-controversy is met.  *Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 377 (9th Cir. 1997); see also *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (same).

15.    In their Second Amended Complaint, Plaintiffs bring this representative action to "remedy DEFENDANTS' illegal wage payment and employment policies and practices".  (SAC, ¶ 1.)  Plaintiffs seek compensatory damages, meal and rest period premium wage compensation, liquidated damages, actual and statutory damages and penalties, interest, attorneys' fees and costs, restitution and civil penalties. (SAC, Prayer for Relief.)  As set forth below, Plaintiffs' allegations establish that there is more than $75,000 at issue, exclusive of interest and costs.

16.    Although Plaintiffs do not specifically state an amount-in-controversy on the face of their Second Amended Complaint, there is more than the requisite $75,000.00 at issue, considering that Plaintiffs "bring this second amended class and representative action on behalf of themselves and all others similarly situated and aggrieved current and former non-exempt employees".  SAC, ¶ 1.  In *James v.*

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

*Childtime Childcare, Inc*., the court held that the defendant had satisfied the amount in controversy requirement because "[b]eyond roughly $12,700 in lost wages already accrued at the time of removal, the amount in controversy in this action includes additional back pay accrued following removal, emotional distress damages, punitive damages, and attorney's fees."  No. Civ. S-06-2676, 2007 WL 1589543 at *2 (E.D. Cal. June 1, 2007). The court further explained that, in addition to evaluating lost wages at the time of removal, courts also "consider both past and future lost wages." *Id.* at n. 1; see also *Kok v. Kadant Black Clawson, Inc.,* 274 Fed. Appx. 856, 857-58 (11th Cir. 2008) (affirming district court's determination that the defendant established damages in excess of the amount in controversy requirement by calculating the plaintiff's back pay from the date of termination through the date of trial); *Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1244 (M.D. Fl. 2011) ("It appears that back pay for purposes of the amount in controversy requirement shall be calculated to the date of trial."); *Sanders v. Legett & Platt, Inc.,* No. 3:10-CV-00979-M, 2010 WL 3282978, at *2 (N.D. Tex. Aug. 17, 2010) ("Backpay... is calculated through the date of the judgment."); *Bayor v. Wal-Mart* Corp., No. 08-12401, 2008 WL 3200022 at *5 (E.D. Mich. Aug. 6, 2008) (finding the defendant's amount in controversy calculation reasonable where "potential back pay awards are based upon what a plaintiff would have earned from the time of termination until the time of trial."). Here, Defendant reasonably believes that Plaintiffs will claim at least $75,000 in damages.  Thus, Plaintiffs' claims meet the jurisdictional minimum.

17.     The fact that Plaintiffs are not solely seeking lost wages, but also other categories of damages, including civil penalties, liquidated damages, restitution and attorneys' fees, makes it all the more reasonable to conclude that the amount in controversy more likely than not exceeds the jurisdictional minimum. For example, Plaintiff also seeks attorneys' fees.  See *Simmons*, 209 F. Supp. 2d at 1035 (finding that satisfaction of jurisdictional minimum is facially apparent from plaintiff's state

court Complaint for employment discrimination action because, "[w]hile attorneys' fees alone would not necessarily exceed $75,000, when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional minimum is clearly satisfied"); *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007) (attorneys' fees are properly included in the amount in controversy).

18.    This Action is now removable to this Court because the Second Amended Complaint raises for the **first** time a PAGA claim, which brings the controversy at issue to exceed $75,000.

19.    Based on the foregoing, the jurisdictional amount in controversy requirement is clearly met.  Removal to this Court is proper under diversity of citizenship jurisdiction.

20.    Consents to this Notice have not been yet obtained because the remaining defendant has not yet been served, has been improperly served or has not yet filed a response in the Action.

21.    Defendant will give written notice of the filing of this Notice of Removal to counsel for Plaintiffs, and will file a copy of this Notice of Removal with the Superior Court of the State of California for the County of San Francisco, as required by 28 U.S.C. § 1446(d).

22.    Payment of the appropriate fees and costs for removal and docketing of this matter in federal court, if any, are tendered with this Notice.

**2.    The Amount in Controversy Had Not Been Met in the Complaint or First Amended Complaint Because Plaintiff Eaton's Claims were Barred**

23.    Plaintiff Kimberly Eaton's Complaint and First Amended Complaint attempted to seek identical relief against Defendant that has already been awarded to Plaintiff Eaton based on her allegations of statutory violations that allegedly occurred during the same time-period (from "around 2016 to early 2017") as alleged in her

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

1  prior State of California, Department of Labor Complaint (Case No. 18-97796) filed

2  against Defendant and based on the same facts (employment with Defendant from

3  November 2016 to January 2017).  As such, the amount in controversy only now met

4  the requirement with this new Second Amended Complaint that included a second

5  named plaintiff.

6      24.    On or about January 11, 2017, Plaintiff Eaton filed a Complaint (Case

7  No. 18-97796) against Defendant with the State of California, Labor Commissioner,

8  Division of Labor Standards Enforcement alleging wage and hour violations on

9  Plaintiff's behalf while she was employed with Defendant as a "VIP – Banquet

10  Helper" from November 14, 2016 to January 8, 2017.  (*See* Chan Dec, ¶ 6, **Exhibit 3**)

11  On or about April 27, 2018, the Division of Labor Standards Enforcement, on plaintiff

12  KIMBERLY EATON's behalf and in her name, obtained a Judgment against

13  Defendant based on alleged wage and hour violations that were alleged to have

14  occurred from November 14, 2016 to January 8, 2017.  (*See* Chan Dec, ¶6, **Exhibit 4**)

15  The Judgment precludes Plaintiff from asserting Causes of Action Nos. 1 through 8 in

16  her unverified FAC filed on February 27, 2020, as well as the original Complaint filed

17  on September 20, 2019.

18      25.    Judgment was entered against Defendant as to Plaintiff's Department of

19  Labor Complaint (Case No. 18-97796) in the following amounts and statutes: $195 –

20  For wages, expenses, sick leave and/or liquidated damages pursuant to Labor Code §§

21  98.1, 248.5(f), 1194.2 and/or 2802; $8.76 – Interest pursuant to Labor Code §§

22  98.1(c), 248.5(f), 1194.2 and/or 2802(b); $2,925 – For penalties pursuant to Labor

23  Code §§ 203, 203.1, 226(f) and/or 1198.5(k), and/or 1695(a)(5).  (*See* Chan Dec.,

24  **Exhibit 4**)  The Order, Decision or Award of the Labor Commissioner dated June 21,

25  2017 also cited to the following statutes in its award entered against Defendant that

26  are also cited in Plaintiff's unverified First Amended Complaint and Complaint: Labor

27  Code §§ 201 (final wages due upon termination of employment), § 202 (premium

28  meal periods), 226.7 (imposition of premium wages for missed meal breaks) and §

AlvaradoSmith
A Professional Corporation
San Francisco

226(f) (penalty for failure to provide accurate earnings statements) and under §

1198.5(k) for penalties already awarded to Plaintiff in the prior Department of Labor

Complaint.  The Judgment was entered by the Orange County Superior Court (Case

No. 30-2018-00989095-CL-EN-CJC) on or about April 27, 2018.  (*See* Chan Dec, ¶6,

**Exhibit 4**).

26.    Administrative decisions can have conclusive and binding effects on

necessarily decided issues in a later civil action so long as the administrative

proceeding had the requisite judicial character.  Under federal common law, federal

courts accord preclusive effect to state administrative proceedings that meet the

fairness requirements of *United States v. Utah Construction & Mining Co.,* 384 U.S.

394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966).  See *Miller v. Cty. of Santa Cruz*, 39 F.3d

at 1032–33, *Doe v. Regents of the University of California* (2018) 891 F.3d 1147.

27.    Plaintiff Eaton has already obtained a Judgment in her name against

Defendant.  As such, it is only with the Second Amended Complaint with Plaintiff

Devito that the amount in controversy requirement been met, compelling removal of

this Action.


**B.**    **The Diversity Of Citizenship Requirement Is Satisfied.**

28.    Plaintiffs Kimberly Eaton and Anna Devito are residents of the State of

California. (SAC ¶ 4.)

29.    Defendant CAVALIA (USA) INC. is a corporation incorporated on

November 25, 2003 in the State of Vermont.  Defendant's principal place of business

is 145 Pine Haven Shores Rd., Suite 1121, Shelburne, VT, 05482, USA.  Defendant

is registered to do business in California, but is not a citizen of California.  Defendant

does not maintain any permanent business operations in California, nor is it

conducting business in California at this time.  Defendant has an agent of process in

California, who is currently Steven L. Rodriguez, Esq. whose office is located at

26565 W. Agoura Road, Suite 200, Calabasas, CA 91302.

30.     Defendant CAVALIA COMMUNICATIONS, INC., a California Corporation, has no affiliation whatsoever with Defendant CAVALIA (USA) INC. As of this date, there has not been any responsive pleading filed by Defendant CAVALIA COMMUNICATIONS, INC. in this Action.  As of this date, it is unknown whether Plaintiffs have served that named defendant.

31.     The other defendants in this Action are fictitiously named, designated as DOES 1 through 50, and their citizenship shall not be considered in determining diversity jurisdiction. 28 U.S.C. § 1441(b).

32.     Diversity exists both at the time the action was originally filed in San Francisco Superior Court and at this time of this removal to federal court with the inclusion of the new party plaintiff.  The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center," which typically will be found at its corporate headquarters.  *Hertz Corp. v. Friend,* 559 U.S. 77; 130 S.Ct. 1181, 1192-93 (2010). Defendant's headquarters -- where its high-level officers direct, control, and coordinate the corporation's activities -- is located at 145 Pine Haven Shores Rd., Suite 1121, Shelburne, VT, 05482, USA. (Declaration of Julie Centofanti, ¶3 ("Centofanti Dec.").  Thus, for removal purposes, Defendant is a citizen of Vermont, not California.  Accordingly, the requisite diversity of citizenship exists. See 28 U.S.C. § 1332(c)(1).

33.     No case may be removed from state court to federal court based on diversity of citizenship more than one year after commencement of the action.  See, e.g., 28 U.S.C. §1446(b); *Caterpillar Inc. v. Lewis* (1996) 519 U.S. 61,117 S. Ct. 467,472-473, 136 L.Ed.2d 437.  Congress amended §1446(b) in 1988 to include the one-year limitation in order to reduce the opportunity for removal after substantial progress has been made in state court.  See, e.g., H.R. Rep. No. 889, 100th Cong., 2nd Sess., at 71-73 (1988) reprinted in 1988 U.S.C.C.A.N. 5982, 6031-34;

///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

*Caterpillar Inc. v. Lewis* (1996) 519 U.S. 61, 136 L.Ed.2d 437 fn 12, 451 fn 12, 117 S. Ct. 467.

34.     The case stated by the initial pleading in this Action was not removable, because it named the Cavalia Communications, Inc., California corporation, as a defendant thereby fraudulently destroyed diversity by including a sham defendant who has no connection to this Action or any of the parties.  Thus, the one-year rule is applicable. Since the initial pleading was filed on September 20, 2019, the one-year limitation period has not expired and removal jurisdiction exists.

35.     Defendant's removal here is proper because there is diversity and because this removal is within one year after the commencement of this Action. For each of these reasons, diversity of citizenship exists in this action.


**WHEREFORE**, Defendant hereby removes this Action from the Superior Court of the State of California, County of San Francisco, to this Court, pursuant to 28 U.S.C. §§ 1332 and 1441.


DATED:  July 29, 2020                     ALVARADOSMITH
                                          A Professional Corporation


                                          By:_____
                                                THEODORE E. BACON
                                                JOANNE C. CHAN
                                                STEVEN L. RODRIGUEZ
                                                Attorneys for Defendant
                                                CAVALIA (USA) INC.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

NOTICE OF REMOVAL
4936894.1 -- SFJCC1.1

# EXHIBIT A

Taras Kick (SBN No. 143379)
taras@kicklawfirm.com
Roy K. Suh (SBN No. 283988)
roy@kicklawfirm.com
Daniel J. Bass (SBN No. 287466)
daniel@kicklawfirm.com
**THE KICK LAW FIRM, APC**
815 Moraga Drive
Los Angeles, California 90049
Telephone:     (310) 395-2988
Facsimile:     (310) 395-2088

Attorneys for Plaintiffs KIMBERLY EATON
and ANNA DeVITO, individually, and on
behalf of others similarly situated and aggrieved

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**06/29/2020**
**Clerk of the Court**
BY: EDNALEEN ALEGRE
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO – CIVIC CENTER COURTHOUSE

| | |
|---|---|
| KIMBERLY EATON and ANNA DeVITO, individually, and on behalf of others similarly situated and aggrieved<br><br>                Plaintiffs,<br><br>        v.<br><br>CAVALIA (USA) INC, a Vermont Corporation; CAVALIA COMMUNICATIONS, INC., a California Corporation; and DOES 1 through 50, inclusive,<br><br>                Defendants. | ) CASE NO.: CGC-19-579421<br>) *Assigned for all purposes to the Honorable*<br>) *Garrett L. Wong, Department 610*<br>)<br>) **SECOND AMENDED CLASS &**<br>) **REPRESENTATIVE ACTION COMPLAINT**<br>)<br>) 1.  Failure to Pay Minimum Wages<br>) 2.  Failure to Pay Overtime Wages<br>) 3.  Failure to Provide Required Meal Periods<br>) 4.  Failure to Provide Required Rest Periods<br>) 5.  Failure to Indemnify Employees for Necessary<br>)     Expenditures Incurred in Discharge of Duties<br>) 6.  Failure to Furnish Accurate Itemized Wage<br>)     Statements<br>) 7.  Failure to Pay Timely and All Wages Due to<br>)     Discharged and Quitting Employees<br>) 8.  Unfair and Unlawful Business Practices<br>) 9.  Civil Penalties Pursuant to PAGA<br>)<br>) **DEMAND FOR JURY TRIAL**<br>)<br>) Complaint Filed:          September 20, 2019<br>) First Amended Complaint: February 27, 2020<br>) Trial:                          None set |

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES,
CALIFORNIA 90045

1

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF

## NATURE OF ACTION

1.     Plaintiffs KIMBERLY EATON ("PLAINTIFF EATON") and ANNA DeVITO ("PLAINTIFF DeVITO") bring this second amended class and representative action case on behalf of themselves and all others similarly situated and aggrieved current and former non-exempt employees, who worked in the State of California for defendant CAVALIA (USA) INC, a Vermont Corporation, defendant CAVALIA COMMUNICATIONS, INC., a California Corporation, and DOES 1 through 50 inclusive (collectively, "DEFENDANTS"), against DEFENDANTS to remedy DEFENDANTS' illegal wage payment and employment policies and practices during the relevant statutory periods, for which PLAINTIFFS seek damages, restitution, penalties, injunctive relief, interest, attorneys' fees and costs, and all other legal and equitable remedies deemed just and proper under California law.

## JURISDICTION AND VENUE

2.     The Superior Court of the State of California has jurisdiction over this matter because, at all relevant times, PLAINTIFFS are, or were, residents of the State of California, PLAINTIFFS are informed and believe that one or more of the DEFENDANTS were qualified to do business in California as a foreign corporation, and that one or more of the DEFENDANTS regularly conducted business in California as a foreign corporation. Furthermore, no federal question is at issue because PLAINTIFFS' causes of action are based solely on California law.

3.     Venue is proper in this judicial district and the County of San Francisco, California because PLAINTIFFS are informed and believe that one or more of the DEFENDANTS designated its principal office in the State of California at an address in the County of San Francisco. PLAINTIFFS are further informed and believe that one or more of the DEFENDANTS maintained offices and facilities and transacted business in the County of San Francisco. While PLAINTIFFS and persons similarly situated and aggrieved performed work for DEFENDANTS in the County of Orange, PLAINTIFFS are, nevertheless, informed and believe that other persons similarly situated and aggrieved performed work for DEFENDANTS in the County of San Francisco and that DEFENDANTS' illegal wage payment and employment policies and practices, which are the subject of this action, were applied to persons similarly situated and aggrieved in the County of San Francisco.

\ \ \

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES,
CALIFORNIA 90045

2

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF

## PLAINTIFFS AND CLASS MEMBERS

4.      PLAINTIFFS are residents of the State of California and current or former employees of DEFENDANTS. DEFENDANTS employed PLAINTIFFS around 2016 to early 2017 in Southern California.

5.      PLAINTIFFS, on behalf of themselves and other similarly situated and aggrieved current and former non-exempt employees of DEFENDANTS in the State of California at any time during the four (4) years preceding the filing of this action on September 20, 2019, and continuing while this action is pending the ("CLASS PERIOD"), bring this class and representative action to recover, among other things: wages and penalties from unpaid wages earned and due including, but not limited to, unpaid minimum wage compensation, unpaid overtime wage compensation, unpaid meal period and rest period premium payments, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, failure to furnish accurate itemized wage statements, failure to pay all wages due to discharged and quitting employees, violations of California laws prohibiting unlawful, unfair or fraudulent business acts or practices, and for interest, attorneys' fees, costs, and expenses based thereon.

6.      PLAINTIFFS bring this action on behalf of themselves and the following similarly situated class of individuals: all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action on September 20, 2019 and until the time it settles or proceeds to final judgment ("CLASS MEMBERS").

7.      PLAINTIFFS and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFFS and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to pay all wages; failing to provide rest and meal periods or premium wage payments in lieu thereof; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly reimburse PLAINTIFFS and CLASS MEMBERS for necessary expenditures; and failing to timely pay all wages earned and due at the time of discharge or quitting, in violation of the California Labor Code

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES,
CALIFORNIA 90045

3

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF

1    and the applicable California Industrial Welfare Commission ("IWC") Wage Orders.

2        8.    PLAINTIFFS reserve the right to name additional class representatives.

3                                    **DEFENDANTS**

4        9.    PLAINTIFFS are informed and believe that Defendant CAVALIA (USA) INC

5    ("DEFENDANT CAVALIA (USA) INC") is, and at all times relevant herein was, a corporation formed

6    and existing under the laws of the State of Vermont. PLAINTIFFS are further informed and believe that

7    the State of California authorized DEFENDANT CAVALIA (USA) INC to conduct and that

8    DEFENDANT CAVALIA (USA) INC did conduct business in California under California corporate

9    number: C2577247 including while doing business in its principal office in the State of California within

10   the County of San Francisco.

11       10.   PLAINTIFFS    are    informed    and    believe    that    Defendant    CAVALIA

12   COMMUNICATIONS, INC. ("DEFENDANT CAVALIA COMMUNICATIONS, INC.") is, and at all

13   times relevant herein was, a corporation formed and existing under the laws of the State of California.

14   PLAINTIFFS are further informed and believe that the State of California authorized DEFENDANT

15   CAVALIA  COMMUNICATIONS,  INC.  to  conduct  and  that  DEFENDANT  CAVALIA

16   COMMUNICATIONS, INC. did conduct business in California under California corporate number:

17   C3348328 including while doing business in its principal office in the State of California within the

18   County of Orange.

19       11.   The true names and capacities of DOES 1 through 50, inclusive, are unknown to

20   PLAINTIFFS at this time, and PLAINTIFFS therefore sue such DOE defendants under fictitious names

21   (hereinafter, DEFENDANT CAVALIA (USA) INC, DEFENDANT CAVALIA COMMUNICATIONS

22   INC., and all DOE defendants are collectively referred to as "DEFENDANTS"). PLAINTIFFS are

23   informed and believe that each Defendant designated as a DOE is in some manner highly responsible for

24   the occurrences alleged herein, and that PLAINTIFFS and CLASS MEMBERS' injuries and damages,

25   as alleged herein, were proximately caused by the conduct of such DOE Defendant. PLAINTIFFS shall

26   seek leave of court to amend this complaint to allege the true names and capacities of such DOE

27   Defendants when ascertained.

28       12.   PLAINTIFFS are informed and believe that DEFENDANTS, at all times relevant in this

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES,
CALIFORNIA 90045

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF

action, committed acts and omissions in concert with each other. PLAINTIFFS are informed and believe that there has been a unity of interest and ownership between the DEFENDANTS such that any corporate individuality and separateness between them has ceased, that they are alter egos of each other, and that if DEFENDANTS' acts are treated as those of only one of them, then an inequitable result would follow. PLAINTIFFS allege their theories of DEFENDANTS' joint and several liability, including the alter-ego theory of liability, as alternative theories only when doing so does not contradict PLAINTIFFS' other allegations.

13.    PLAINTIFFS are informed and believe that, at all times relevant in this action, DEFENDANTS were the joint employers, alter egos, divisions, affiliates, integrated enterprises, subsidiaries, parents, principals, associates, managers, supervisors, managing agents, directors, owners, sisters, related entities, co-conspirators, agents, partners, joint venturers, masters, servants, aidors, abettors, franchisees, franchisors, joint enterprisers, and/or guarantors, actual or ostensible, of each other. PLAINTIFFS are informed and believe that, at all times relevant in this action, each of the DEFENDANTS was completely dominated by his, her or its co-defendant and had authority, actual or ostensible, to perform the acts and omissions alleged herein. PLAINTIFFS are informed and believe that, at all times relevant in this action, to the extent that certain actions and omissions were perpetrated by certain DEFENDANTS, the remaining DEFENDANTS condoned, authorized, and ratified such acts and omissions. Accordingly, whenever PLAINTIFFS allege that any of the DEFENDANTS committed an act or omission, PLAINTIFFS attribute such allegations to each of the DEFENDANTS individually, jointly, and severally.

14.    As a direct and proximate result of DEFENDANTS' unlawful acts and omissions, PLAINTIFFS and CLASS MEMBERS have suffered, and continue to suffer, from monetary losses in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION DESIGNATION

15.    This action is appropriately suited as a class action because:

a.    The potential class is a significant number and joinder of all current and former employees individually would be impractical.

b.    This action involves common questions of law and fact to the potential class

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES,
CALIFORNIA 90045

5

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF

1  because the action focuses on DEFENDANTS' systematic course of illegal payroll practices and
2  policies, which was applied to all non-exempt employees in violation of the California Labor Code, the
3  applicable IWC Wage Orders, and the California Business and Professions Code which prohibits unfair
4  business practices arising from such violations.

5        c.    PLAINTIFFS' causes of action are typical of the class because PLAINTIFFS are
6  informed and believe that DEFENDANTS subjected all non-exempt employees to identical violations of
7  the California Labor Code, the applicable IWC Wage Orders, and the California Business and
8  Professions Code.

9        d.    PLAINTIFFS are able to fairly and adequately protect the interests of all members
10  of the class because it is in their best interests to prosecute the causes of action alleged herein to obtain
11  full compensation due to them for all services rendered and hours worked.

12  <center>**FIRST CAUSE OF ACTION**</center>

13  <center>**Failure to Pay Minimum Wages**</center>

14  <center>**[Cal. Labor Code §§ 1182.12, 1197, 1198 and IWC Wage Order Nos. 10-2001, § 4]**</center>

15  <center>**(Against all DEFENDANTS)**</center>

16      16.    PLAINTIFFS incorporate all facts alleged in the preceding paragraphs, which are
17  consistent with this cause of action, as if fully set forth herein.

18      17.    Pursuant to California Labor Code §§ 1182.12, 1197, 1198 and IWC Wage Order No. 10-
19  2001, § 4, or other applicable IWC Wage Orders, California has fixed minimum wage rates, has required
20  employers in California to pay their employees no less than the minimum for all hours worked in the
21  payroll period, has provided that minimum wages for employees fixed by the IWC or by state law, is the
22  minimum wage to be paid to employees, and that payment of a lower wage than the minimum so fixed is
23  unlawful.

24      18.    PLAINTIFFS and CLASS MEMBERS are current and former non-exempt employees
25  entitled to the protections of California Labor Code §§ 1182.12, 1197, 1198 and IWC Wage Order Nos.
26  10-2001, § 4, or other applicable IWC Wage Orders. During the CLASS PERIOD, DEFENDANTS
27  failed to pay PLAINTIFFS and CLASS MEMBERS minimum wages for all hours worked by, among
28  other things: requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work off the

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES,
CALIFORNIA 90045

6

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF

1  clock; requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work through meal

2  periods and rest periods but not counting that time as time worked; illegally and inaccurately recording

3  time during which PLAINTIFFS and CLASS MEMBERS worked; failing to properly maintain

4  PLAINTIFFS and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to

5  PLAINTIFFS and CLASS MEMBERS for each pay period; and other methods to be discovered.

6       19.    In violation of California law, DEFENDANTS have knowingly and willfully refused to

7  perform their obligations to compensate PLAINTIFFS and CLASS MEMBERS for all wages earned

8  and all hours worked. As a proximate result, PLAINTIFFS and CLASS MEMBERS have suffered, and

9  continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on

10  such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform

11  their obligations under state law, all to their respective detriments in amounts according to proof at time

12  of trial, and within the jurisdiction of this Court.

13       20.    DEFENDANTS' conduct described herein violates California Labor Code §§ 1182.12,

14  1197, 1198 and IWC Wage Order No. 10-2001, § 4, or other applicable IWC Wage Orders. As a

15  proximate result of the aforementioned violations, PLAINTIFFS and CLASS MEMBERS have been

16  damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200,

17  201, 202, 203, 204, 558, 558.1, 1194, 1194.2, 1197.1, 1198 and other applicable provisions under the

18  Labor Code and IWC Wage Orders, PLAINTIFFS and CLASS MEMBERS are entitled to recover the

19  unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees,

20  expenses, and costs of suit.

21  **<u>SECOND CAUSE OF ACTION</u>**

22  **Failure to Pay Overtime Wages**

23  **[Cal. Labor Code §§ 510, 1198; IWC Wage Order No. 10-2001, § 3]**

24  **(Against all DEFENDANTS)**

25       21.    PLAINTIFFS incorporate all facts alleged in the preceding paragraphs, which are

26  consistent with this cause of action, as if fully set forth herein.

27       22.    Pursuant to California Labor Code §§ 510, 1198 and IWC Wage Order No. 10-2001, § 3,

28  or other applicable IWC Wage Orders, California has required employers to pay their employees at one

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES,
CALIFORNIA 90045

7

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF

1   and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day

2   and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday,

3   with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours

4   worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

5     23. PLAINTIFFS and CLASS MEMBERS are current and former non-exempt employees

6   entitled to the protections of California Labor Code §§ 510, 1198 and IWC Wage Order No. 10-2001, §

7   3, or other applicable IWC Wage Orders. During the CLASS PERIOD, DEFENDANTS failed to

8   compensate PLAINTIFFS and CLASS MEMBERS for all overtime hours worked as required under the

9   foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing

10  to pay overtime at one and one-half (1 ½) or double the regular rate of pay; requiring, permitting or

11  suffering PLAINTIFFS and CLASS MEMBERS to work off the clock; requiring, permitting or

12  suffering PLAINTIFFS and CLASS MEMBERS to work through meal and rest periods; illegally and

13  inaccurately recording time in which PLAINTIFFS and CLASS MEMBERS worked; failing to properly

14  maintain PLAINTIFFS and CLASS MEMBERS' records; failing to provide accurate itemized wage

15  statements to PLAINTIFFS and CLASS MEMBERS for each pay period; and by other methods to be

16  discovered.

17    24. In violation of California law, DEFENDANTS have knowingly and willfully refused to

18  perform their obligations to compensate PLAINTIFFS and CLASS MEMBERS for all wages earned

19  and all hours worked. As a proximate result, PLAINTIFFS and CLASS MEMBERS have suffered, and

20  continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on

21  such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform

22  their obligations under state law, all to their respective detriments in amounts according to proof at time

23  of trial, and within the jurisdiction of this Court.

24    25. DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1198

25  and IWC Wage Order No. 10-2001, § 3, or other applicable IWC Wage Orders. Therefore, pursuant to

26  California Labor Code §§ 200, 201, 202, 203, 204, 226, 500, 510, 558, 558.1, 1194, 1197.1, 1198 and

27  other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFFS and

28  CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES,
CALIFORNIA 90045

8

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF

1  DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

2  **THIRD CAUSE OF ACTION**

3  **Failure to Provide Required Meal Periods**

4  **[Cal. Labor Code §§ 226.7, 512, 1198; IWC Wage Order No. 10-2001, § 11]**

5  **(Against all DEFENDANTS)**

6  26.  PLAINTIFFS incorporate all facts alleged in the preceding paragraphs, which are

7  consistent with this cause of action, as if fully set forth herein.

8  27.  Pursuant to California Labor Code §§ 226.7, 512, 1198 and IWC Wage Order No. 10-

9  2001, § 11, or other applicable IWC Wage Orders, California has prohibited employers from employing

10  a person for a work period of more than five (5) hours without a meal period of not less than 30 minutes,

11  except that when a work period of not more than six (6) hours will complete the day's work the meal

12  period may be waived by mutual consent of the employer and the employee. California has also

13  prohibited employers from employing a person for a work period of more than ten (10) hours per day

14  without providing the employee with a second meal period of not less than 30 minutes, except that if the

15  total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent

16  of the employer and the employee only if the first meal period was not waived. California has also

17  required that unless an employee is relieved of all duty during a 30-minute meal period, the meal period

18  shall be considered an "on duty" meal period and counted as time worked. Moreover, if an employer

19  fails to provide an employee a meal period in accordance with the applicable provisions of the relevant

20  IWC Wage Order, then the employer shall pay the employee one (1) hour of pay at the employee's

21  regular rate of compensation for each workday that the meal period is not provided.

22  28.  PLAINTIFFS and CLASS MEMBERS are current and former non-exempt employees

23  entitled to the protections of California Labor Code §§ 226.7, 510, 512, 1194, 1197, 1198 and IWC

24  Wage Order No. 10-2001, § 11, or other applicable IWC Wage Orders. During the CLASS PERIOD,

25  DEFENDANTS failed to provide PLAINTIFFS and CLASS MEMBERS meal periods, or to pay one (1)

26  additional hour of compensation at PLAINTIFFS and CLASS MEMBERS' regular rates of

27  compensation for each workday that a meal period was not provided, as required under the foregoing

28  provisions of the California Labor Code and IWC Wage Order by, among other things: requiring,

1   permitting or suffering PLAINTIFFS and CLASS MEMBERS to work past five (5) hours from the

2   starts of their shifts before starting a meal period; requiring, permitting or suffering PLAINTIFFS and

3   CLASS MEMBERS to work past ten (10) hours from the starts of their shifts before starting a second

4   meal period; requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to take meal

5   periods of less than 30 minutes or that were otherwise not duty-free inasmuch as DEFENDANTS failed

6   to relieve PLAINTIFFS and CLASS MEMBERS of all of their duties or maintained control over them

7   during that time; failing to count all times that DEFENDANTS failed to provide PLAINTIFFS and

8   CLASS MEMBERS duty-free 30-minute meal periods as time worked for the purposes of minimum

9   wage and overtime wage payments; failing to pay PLAINTIFFS and CLASS MEMBERS one (1) hour

10  of pay at their regular rates of compensation for each workday that the meal period was not provided;

11  and by other methods to be discovered.

12          29.     In violation of California law, DEFENDANTS have knowingly and willfully refused to

13  perform their obligations to compensate PLAINTIFFS and CLASS MEMBERS for all wages earned

14  and all hours worked. As a proximate result, PLAINTIFFS and CLASS MEMBERS have suffered, and

15  continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on

16  such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform

17  their obligations under state law, all to their respective detriments in amounts according to proof at time

18  of trial, and within the jurisdiction of this Court.

19          30.     DEFENDANTS' conduct described herein violates California Labor Code §§ 226.7, 510,

20  512, 1194, 1197, 1198 and IWC Wage Order No. 10-2001, § 11, or other applicable IWC Wage Orders.

21  Therefore, pursuant to California Labor Code §§ 200, 201, 202, 203, 204, 226.7(c), 500, 510, 558,

22  558.1, 1194, 1194.2, 1197.1, 1198 and other applicable provisions under the California Labor Code and

23  IWC Wage Orders, PLAINTIFFS and CLASS MEMBERS are entitled to recover the unpaid balance of

24  wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of

25  suit.

26  \ \ \

27  \ \ \

28  \ \ \

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES,
CALIFORNIA 90045

10

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF

## FOURTH CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7, 1198; IWC Wage Order No. 9-2001, § 12]

### (Against all DEFENDANTS)

31.    PLAINTIFFS incorporate all facts alleged in the preceding paragraphs, which are consistent with this cause of action, as if fully set forth herein.

32.    Pursuant to California Labor Code §§ 226.7, 1198, and IWC Wage Order No. 10-2001, § 12, or other applicable IWC Wage Orders, California has required that employers shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period, that the authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof, that a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours, and that authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages. California has also required that if an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

33.    PLAINTIFFS and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 226.7, 1198, and IWC Wage Order No. 10-2001, § 12, or other applicable IWC Wage Orders. During the CLASS PERIOD, DEFENDANTS failed to provide PLAINTIFFS and CLASS MEMBERS rest periods, or to pay one (1) additional hour of compensation at PLAINTIFFS and CLASS MEMBERS' regular rates of compensation for each workday that a rest period was not provided, as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work past three and one-half (3 1/2) hours from the starts of their shifts without authorizing and permitting them to take a timely and fully uninterrupted first rest period; requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work past six (6) hours from the starts of their shifts without authorizing and permitting them to take a timely and fully

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES,
CALIFORNIA 90045

11

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF

uninterrupted second rest period; requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to work past ten (10) hours from the starts of their shifts without authorizing and permitting them to take a timely and fully uninterrupted third rest period; requiring, permitting or suffering PLAINTIFFS and CLASS MEMBERS to take rest periods of less than 10 minutes or that were otherwise not duty-free inasmuch as DEFENDANTS failed to relieve PLAINTIFFS and CLASS MEMBERS of all of their duties or maintained control over them during that time; failing to pay PLAINTIFFS and CLASS MEMBERS one (1) hour of pay at their regular rates of compensation for each workday that the rest period was not provided; and by other methods to be discovered.

34.     In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFFS and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFFS and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective detriments in amounts according to proof at time of trial, and within the jurisdiction of this Court.

35.     DEFENDANTS' conduct described herein violates California Labor Code §§ 226.7, 1198, and IWC Wage Order No. 10-2001, § 12, or other applicable IWC Wage Orders. Therefore, pursuant to California Labor Code §§ 200, 201, 202, 203, 204, 226.7(c), 558, 558.1, 1194, 1194.2, 1197.1, 1198 and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFFS and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802(a), 1198; IWC Wage Order No. 10-2001, § 9]**

**(Against all DEFENDANTS)**

36.     PLAINTIFFS incorporate all facts alleged in the preceding paragraphs, which are consistent with this cause of action, as if fully set forth herein.

37.     Pursuant to California Labor Code §§ 2802(a), 1198, and IWC Wage Order No. 10-2001,

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES,
CALIFORNIA 90045

12

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF

§ 9, or other applicable IWC Wage Orders, California has required that employers indemnify employees for all necessary expenditures or losses incurred by an employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. California has required that when uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term "uniform" includes wearing apparel and accessories of distinctive design or color.

38.     PLAINTIFFS and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 2802(a), 1198, and IWC Wage Order No. 10-2001, § 9, or other applicable IWC Wage Orders. During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFFS and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS including, but not limited to, by failing to reimburse PLAINTIFFS and CLASS MEMBERS for expenses they incurred in complying with DEFENDANTS' uniforms and/or uniform maintenance requirements, and by other methods to be discovered.

39.     In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to indemnify PLAINTIFFS and CLASS MEMBERS for all monies they expended in necessary expenditures and/or losses incurred in obedience to DEFENDANTS' directions. As a proximate result, PLAINTIFFS and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such unreimbursed monies, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective detriments in amounts according to proof at time of trial, and within the jurisdiction of this Court.

40.     DEFENDANTS' conduct described herein violates California Labor Code § 2802(a) 1198, and IWC Wage Order No. 10-2001, § 9, or other applicable IWC Wage Orders. Therefore, pursuant to California Labor Code §§ 2802(b), 2802(c), 2802(d), 1198 and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFFS and CLASS MEMBERS are entitled to recover the unreimbursed amounts owed to them by DEFENDANTS, plus interest, penalties,

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES,
CALIFORNIA 90045

13

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF

1  attorneys' fees, expenses, and costs of suit.

## SIXTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements

**[Cal. Labor Code §§ 226(a), 226(e)(2)(B), 1198; IWC Wage Order No. 10-2001, § 7]**

### (Against all DEFENDANTS)

41.    PLAINTIFFS incorporate all facts alleged in the preceding paragraphs, which are consistent with this cause of action, as if fully set forth herein.

42.    Pursuant to California Labor Code §§ 226(a), 226(e)(2)(B), 1198, and IWC Wage Order No. 10-2001, § 7, or other applicable IWC Wage Orders, California has required that employers semimonthly or at the time of each payment of wages furnish each of its employees an accurate itemized wage statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. California law has stated that an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items of the foregoing nine (9) enumerated items and the employee cannot promptly and easily determine from the wage statement alone, *inter alia*, the amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to enumerated items (2) to (4), inclusive, (6), and (9).

43.    PLAINTIFFS and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 226(a), 226(e)(2)(B), 1198, and IWC Wage Order No. 10-2001, § 7, or other applicable IWC Wage Orders. During the CLASS PERIOD, DEFENDANTS failed to provide PLAINTIFFS and CLASS MEMBERS accurate itemized wage statements as required under the foregoing provisions of the California Labor Code and IWC Wage

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES,
CALIFORNIA 90045

14

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF

Order by, among other things: failing to provide accurate writings showing each and every one of the nine (9) enumerated items required by Labor Code § 226(a), failing to provide accurate writings enabling PLAINTIFFS and CLASS MEMBERS to promptly and easily determine from the wage statement alone their total hours worked, all deductions, the inclusive dates for which they were paid, and/or all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; and by other methods to be discovered.

44.    In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to provide PLAINTIFFS and CLASS MEMBERS with timely, accurate, and itemized wage statements in accordance with California Labor Code §§ 226(a), 226(e)(2)(B), 1198, and IWC Wage Order No. 9-2001, § 7, or other applicable IWC Wage Orders. As a proximate result, PLAINTIFFS and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of accurate itemized wage statements, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective detriments in amounts according to proof at time of trial, and within the jurisdiction of this Court.

45.    DEFENDANTS' conduct described herein violates California Labor Code § 226(a), 1198, and IWC Wage Order No. 10-2001, § 7, or other applicable IWC Wage Orders. Therefore, pursuant to California Labor Code §§ 226(e)(1), 226(e)(2)(B), 226(h), 1198 , and IWC Wage Order No. 9-2001, § 7, PLAINTIFFS and CLASS MEMBERS are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and are entitled to an award of costs and reasonable attorney's fees.

## SEVENTH CAUSE OF ACTION

### Failure to Timely Pay All Wages Due to Discharged and Quitting Employees

### [Cal. Labor Code §§ 201(a), 202, 203]

### (Against all DEFENDANTS)

46.    PLAINTIFFS incorporate all facts alleged in the preceding paragraphs, which are

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES,
CALIFORNIA 90045

15

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF

consistent with this cause of action, as if fully set forth herein.

47.     Pursuant to California Labor Code §§ 201(a), 202, and 203, California has required that employers pay their employees all wages earned and unpaid at the time of discharge, or if an employee quits, not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting, and that if an employer willfully fails to timely pay any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

48.     PLAINTIFFS and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 201, 202 and 203. During the CLASS PERIOD, DEFENDANTS failed to timely pay PLAINTIFFS and CLASS MEMBERS all wages due at the times they were discharged or at the times they quit under the foregoing provisions of the California Labor Code and IWC Wage Order No. 9-2001, or other applicable IWC Wage Orders, by, among other things: failing to pay all earned wages to PLAINTIFFS and CLASS MEMBERS in full; failing to pay all earned wages to PLAINTIFFS and CLASS MEMBERS at the time DEFENDANT discharged them or within 72 hours of the times they quit; and by failing to pay PLAINTIFSF and CLASS MEMBERS wages as a penalty from the due date thereof at the same rate until paid; and by other methods to be discovered.

49.     In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to provide PLAINTIFFS and CLASS MEMBERS with timely and full payment of all wages earned and unpaid at the time of discharge or quitting in accordance with California Labor Code §§ 201, 202, and 203. As a proximate result, PLAINTIFFS and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of all final wages owed and due to them including the penalties due to them as a result of DEFENDANTS' failures, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective detriments in amounts according to proof at time of trial, and within the jurisdiction of this Court.

50.     DEFENDANTS' conduct described herein violates California Labor Code §§ 201, 202

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES,
CALIFORNIA 90045

16

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF

and 203. Therefore, pursuant to California Labor Code §§ 200, 201, 202, 203, 204, 226.7(c), 500, 510, 558, 558.1, 1194, 1194.2, 1197.1, 1198 and other applicable provisions under the California Labor Code and IWC Wage Order No. 9-2001, or other applicable IWC Wage Orders, PLAINTIFFS and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## EIGHTH CAUSE OF ACTION

### Representative Action for Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code §§ 17200 *et seq.*]

### (Against all DEFENDANTS)

51.    PLAINTIFFS incorporate all facts alleged in the preceding paragraphs, which are consistent with this cause of action, as if fully set forth herein.

52.    Pursuant to California Business and Professions Code §§ 17200, *et seq.*, sometimes called California's Unfair Competition Law ("UCL"), California has prohibited employers from engaging in unlawful, unfair or fraudulent business acts or practices, which may include an employer's violations of the California Labor Code sections which prohibit employers from unlawfully withholding wages from an employee. Pursuant to § 17203, any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction to prevent the use or employment by any person of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Furthermore, § 17203 provides that any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure.

53.    Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Orders as alleged herein including, but not limited to, DEFENDANTS' willful failure and refusal to pay minimum wages, DEFENDANTS' willful failure and refusal to pay overtime wages, DEFENDANTS' willful failure and refusal to provide meal periods or pay wages in lieu thereof, DEFENDANTS' willful failure and refusal to provide rest periods or pay wages in lieu thereof, DEFENDANTS' willful failure and refusal to indemnify for necessary business

expenses, DEFENDANTS' willful failure and refusal to furnish accurate itemized wage statements, and DEFENDANTS' willful failure and refusal to timely pay all wages due at time of discharge or quitting, constitutes an unfair and unlawful business practice under California Business and Professions Code §§ 17200 *et seq.*

54.    DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFFS, CLASS MEMBERS and members of the general public. DEFENDANTS have avoided payment of wages, reimbursement of expenses, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Orders. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

55.    As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFFS, CLASS MEMBERS, and members of the general public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFFS and CLASS MEMBERS.

56.    DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFFS and CLASS MEMBERS to preliminary and permanent injunctive relief including, but not limited to, orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFFS and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFFS and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, and within  the jurisdiction of this Court.

### NINTH CAUSE OF ACTION

**Representative Action for PAGA Civil Penalties**

**[Cal. Lab. Code §§ 2698 *et seq.*]**

**(Against all DEFENDANTS)**

57.    PLAINTIFFS incorporate all facts alleged in the preceding paragraphs, which are consistent with this cause of action, as if fully set forth herein.

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES,
CALIFORNIA 90045

18

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF

58.     Pursuant to California Labor Code §§ 2698 *et seq.,* also known as PAGA, California has stated that notwithstanding any other provision of law, any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of the Labor Code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in § 2699.3.[1]

59.     PLAINTIFF EATON is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of the State of California, herself and other current and former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because DEFENDANTS employed PLAINTIFF EATON, a person against whom one or more of the alleged violations of the Labor Code, either specified in the preceding paragraphs of this Complaint or specified below, was committed.

60.     On October 1, 2019, pursuant to California Labor Code § 2699.3(a)(1)(A), PLAINTIFF EATON provided written notice by online filing with the LWDA, Case No. LWDA-CM-749454-19, and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders PLAINTIFFS allege DEFENDANTS have violated along with the facts and theories supporting the alleged violations. Furthermore, pursuant to California Labor Code § 2699.3(a)(1)(A), PLAINTIFF EATON has sent or intends to send the LWDA $75.00 payment as a filing fee.

---

[1] Pursuant to Labor Code § 2699.5, California has stated: "The provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: subdivision (k) of Section 96, Sections 98.6, 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, paragraphs (1) to (5), inclusive, (7), and (9) of subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and 1153, subdivisions (c) and (d) of Section 1174, Sections 1194, 1197, 1197.1, 1197.5, and 1198, subdivision (b) of Section 1198.3, Sections 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, and 1700.47, Sections 1735, 1771, 1774, 1776, 1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2802, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3073.4, 6310, 6311, and 6399.7."

61.    In PLAINTIFF EATON's notice to the LWDA and to DEFENDANTS under § 2699.3, PLAINTIFF EATON alleged that DEFENDANTS violated the following provisions of the Labor Code and IWC Wage Orders along with the facts and theories supporting the following alleged violations:

      i.     Underlying Violations of Labor Code § 201 (Failure to Timely Pay All Wages Due at Time of Discharge)

      ii.    Underlying Violations of Labor Code § 202 (Failure to Timely Pay All Wages Due at Time of Quitting or Within 72 Hours Thereof)

      iii.   Underlying Violations of Labor Code § 203 (Failure to Pay Wages of the Employee as Continuing Penalty Up to 30 Days After Discharge or Quitting)

      iv.   Underlying Violations of Labor Code § 204 (Failure to Timely Pay All Wages Due During Employment)

      v.    Underlying Violations of Labor Code § 206 (Failure to Pay All Wages Due and Undisputed or as Determined by the Labor Commissioner)

      vi.   Underlying Violations of Labor Code § 208 (Failure to Lawfully Pay at Place of Discharge or in the County Where the Employee Quit)

      vii.  Underlying Violations of Labor Code § 226 (Failure to Furnish Accurate Itemized Wage Statements and to Maintain and Timely Provide Accurate Employment Records)

      viii. Underlying Violations of Labor Code § 226.7 (Failure to Timely Pay All Meal Period and Rest Period Wages Due During Employment)

      ix.   Underlying Violations of Labor Code § 351 (Wrongful Collection, Taking or Receiving of Gratuities)

      x.    Underlying Violations of Labor Code § 353 (Failure to Keep Accurate Records of Gratuities)

      xi.   Underlying Violations of Labor Code § 510 (Failure to Pay All Overtime Wages Due)

      xii.  Underlying Violations of Labor Code § 512 (Failure to Provide Timely First and Second Meal Periods)

xiii.   Underlying Violations of Labor Code § 1174(d) (Failure to Keep Accurate Payroll Records in a Central Location in California)

xiv.   Underlying Violations of Labor Code § 1194 (Failure to Pay All Minimum and Overtime Wages)

xv.   Underlying Violations of Labor Code § 1197 (Failure to Pay All Minimum Wages)

xvi.   Underlying Violations of Labor Code § 1198 (Employment Under Conditions of Labor Prohibited by the Relevant IWC Wage Orders) – *including* failure to provide reasonable seating

xvii.   Underlying Violations of Labor Code § 1199 (Payments of Less Than the Minimum Fixed by an IWC Wage Order)

xviii.   Underlying Violations of Labor Code § 2802 (Failure to Indemnify Employees)

62.    PLAINTIFFS are informed and believe that the LWDA has not provided PLAINTIFF EATON with notice of its intent to investigate the alleged violations in the 60 calendar days that have lapsed from the time PLAINTIFF EATON sent notice. Accordingly, PLAINTIFF EATON has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action against DEFENDANTS on behalf of the State of California, herself and other aggrieved employees of DEFENDANTS.

63.    Accordingly, PLAINTIFFS now seek an order for PAGA civil penalties under California Labor Code §§ 2699, 210, 225.5, 226.3, 1174.5, 1197.1, 1199, and IWC Wage Order No. 10-2001, § 20, or other applicable IWC Wage Orders, from DEFENDANTS in a representative action for the violations set forth above, including, but not limited to, violations of California Labor Code §§ 201, 202, 203, 204, 206, 208, 226, 226.7, 351, 353, 510, 512, 1102.5, 1174, 1194, 1197, 1198, 1199, 2802 and the relevant provisions of IWC Wage Order No. 10-2001 any other provisions that may be brought upon the allegations in this complaint. PLAINTIFFS shall also seek an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFFS, individually and on behalf of all other persons similarly situated

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES,
CALIFORNIA 90045

21

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF

1   and aggrieved, respectfully pray for relief against DEFENDANTS and DOES 1 through 50, inclusive,

2   and each of them, as follows:

3       1.    For compensatory damages in an amount to be ascertained at trial as stated;

4       2.    For meal period and rest period premium wage compensation pursuant to California

5   Labor Code § 226.7 and IWC Wage Order No. 10-2001, or other applicable IWC Wage Orders;

6       3.    For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

7       4.    For actual and/or statutory damages and/or penalties according to proof including, but not

8   limited to, all penalties authorized by the California Labor Code §§ 203 and 226(e);

9       5.    For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§

10   218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing

11   for pre-judgment interest;

12       6.    For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194,

13   2802, California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys'

14   fees and costs;

15       7.    For an accounting of all monies due to PLAINTIFFS and CLASS MEMBERS arising

16   from DEFENDANTS' unfair and unlawful business practices;

17       8.    For restitution of all monies due to PLAINTIFFS and CLASS MEMBERS, as well as

18   disgorged profits arising from DEFENDANTS' unfair and unlawful business practices;

19       9.    For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating

20   the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in

21   the unlawful business practices complained of herein;

22       10.    For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth,

23   Seventh, and Eighth Causes of Action as a class action;

24       11.    For an order appointing PLAINTIFFS as class representatives and PLAINTIFFS' counsel

25   as class counsel;

26       12.    For civil penalties within the scope of all civil penalties allowed under PAGA, according

27   to proof including, but not limited to, the amount of any all civil penalties authorized by California

28   Labor Code §§ 210, 225.5, 226.3, 226.8, 1174.5, 1197.1, 2699(f) or any other applicable civil penalty

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES,
CALIFORNIA 90045

22

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF

1  provisions authorized under California law; and

2        13.    For such further relief that the Court may deem just and proper.

3  DATED: June 29, 2020                    Respectfully Submitted,

4                                          **THE KICK LAW FIRM, APC**

5

6

7                                          By: _____
                                               TARAS KICK
8                                              ROY K. SUH
                                               DANIEL J. BASS

9                                          Attorneys for Plaintiffs KIMBERLY EATON and
                                           ANNA DeVITO, individually, and on behalf of others
10                                         similarly situated and aggrieved

11                          **DEMAND FOR JURY TRIAL**

12        PLAINTIFFS hereby demand a jury trial with respect to all issues triable of right by jury.

13  DATED: June 29, 2020                    Respectfully Submitted,

14                                          **THE KICK LAW FIRM, APC**

15

16

17                                         By: _____
                                               TARAS KICK
18                                             ROY K. SUH
                                               DANIEL J. BASS

19                                         Attorneys for Plaintiffs KIMBERLY EATON and
                                           ANNA DeVITO, individually, and on behalf of others
20                                         similarly situated and aggrieved

21

22

23

24

25

26

27

28

THE KICK LAW
FIRM, APC
815 MORAGA DRIVE
LOS ANGELES,
CALIFORNIA 90045

23

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND OTHER RELIEF

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and not a party to this action. My business address is 815 Moraga Drive, Los Angeles, California 90049. On June 29, 2020, I served the following document or documents:

**1. SECOND AMENDED CLASS & REPRESENTATIVE ACTION COMPLAINT**

☒ **By electronic service (via electronic filing service provider).** I caused the documents to be electronically transmitted to File&ServeXpress, an electronic filing and service provider, at https://secure.fileandservexpress.com/ in keeping with the San Francisco Superior Court's Local Rules governing E-Filing, which provided an option to electronically serve the persons listed below. The transmission was either reported as being sent, complete and without error, or I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful, to the addressees as stated below.

☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail transmission or a request that the party or parties, who have appeared and are represented by counsel identified below I caused the documents to be sent to the person(s) at the address(es) at the e-mail address(es) listed below in keeping with California Rules of Court, Appendix I (Emergency Rules Related to COVID-19), Emergency rule 12 (Electronic service). The transmission was either reported as being sent, complete and without error, or I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful, to the addressees as stated below.

| | |
|---|---|
| Theodore Emery Bacon (Cal. SBN 115395)<br>Joanne Carmen Chan (Cal. SBN 201164)<br>**ALVARADO SMITH, APC**<br>235 Pine Street, Suite 1150<br>San Francisco, California 94104-2748<br>Telephone:    (415) 624-8665<br>Facsimile:    (213) 229-2499<br>Email:    tbacon@alvaradosmith.com<br>Email:    jchan@alvaradosmith.com | Attorneys for Defendant CAVALIA (USA) INC |
| Steven L. Rodriguez, Esq (Cal. SBN 199313)<br>**RODRIGUEZ LAW, APC**<br>26565 West Agoura Road, Suite 200<br>Calabasas, California 91302<br>Telephone:    (818) 925-0054<br>Facsimile:    (818) 449-0983<br>Email:    steve@rodriguezlawapc.com | Attorneys for Defendant CAVALIA (USA) INC |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 29, 2020.

Roy K. Suh

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

EATON v. CAVALIA (USA), Inc., et al.

San Francisco Superior Court Case No. CGC-19-579421

USDC – Northern District of California Court Case No.

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action. My business address is **AlvaradoSmith, 235 Pine Street, Suite 1150, San Francisco, California 94104**.

On July 29, 2020, I served the foregoing document described as **CIVIL COVER SHEET AND NOTICE OF REMOVAL** on the interested parties in this action.

☐    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐    **BY REGULAR MAIL:** I deposited such envelope in the mail at 235 Pine Street, Suite 1150, San Francisco, CA 94104. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.
**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED**

☒    **BY ELECTRONIC SERVICE:** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed in the Service List.

☐    **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the facsimile numbers listed on the attached Service List.

☐    **BY OVERNIGHT MAIL:** I deposited such documents at the GSO Overnight or Federal Express Drop Box located at 235 Pine Street, San Francisco, CA 94104. The envelope was deposited with delivery fees thereon fully prepaid.

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the addressee(s) listed on the attached Service List.

☒    (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on July 29, 2020, at San Francisco, California.

_Mara J. Schwark_

Mara J. Schwark

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SAN FRANCISCO

# SERVICE LIST

San Francisco Superior Court Case No.  CGC-19-579421
**USDC – Northern District of California Court**

| | |
|---|---|
| Taras Kick, Esq.<br>Roy K. Suh, Esq.<br>Daniel J. Bass<br>THE KICK LAW FIRM, APC<br>815 Moraga Drive<br>Los Angeles, CA 90049 | Attorneys for Plaintiff<br>KIMBERLY EATON<br><br>Tel: (310) 395-2988<br>Fax: (310) 395-2088<br><br>Emails:<br>taras@kicklawfirm.com<br>roy@kicklawfirm.com<br>daniel@kicklawfirm.com |